UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **LAURA HOFF**, | § | |
| | § | |
| Plaintiff | § | |
| v. | § | |
| | § | |
| **MICHAEL EALY**, | § | **Civil Action No.** _____ |
| in his individual capacity, | § | |
| and | § | |
| | § | Jury Trial Demanded |
| **NASSAU INVESTMENTS, LLC**, | § | |
| Defendants. | § | |
| | § | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Laura Hoff ("*Ms. Hoff*" or "*Plaintiff*") files this original Complaint against

Defendants Michael Ealy ("*Ealy*") and Nassau Investments, LLC ("*Nassau,*" and together with

Ealy, "*Defendants*") and respectfully states as follows:

### I.    INTRODUCTION

1.    This case arises from Defendants' fraudulent "Hotel Protégé Program" (the "*Program*"),

a purported real-estate mentorship into which Ms. Hoff invested $50,000 based on Ealy's

promises of weekly one-on-one coaching, privileged investor exposure, specialized program

perks, and an elite group of uniquely talented industry experts teaming up together for the Hotel

Protégé Program.  None of those promises materialized, rather all communication from Ealy and

Nassau stopped when Ms. Hoff started questioning the validity of the Hotel Protégé Program.

Ealy later admitted Plaintiff's money was "gone" and refused to refund it.

2. Defendants' conduct constitutes common-law fraud, violations of the Texas Deceptive Trade Practices Act (the "*DTPA*"), breach of contract, and unjust enrichment.  Plaintiff seeks actual, treble, and exemplary damages, equitable relief, attorneys' fees, and costs.

## II.    PARTIES

3. Plaintiff Laura Hoff is an individual citizen of Texas who resides in Fort Bend County.

4. Defendant Michael Ealy is an individual citizen of Ohio who may be served at 621 Tusculum Avenue, Cincinnati, Ohio 45229, or wherever he may be found.

5. Defendant Nassau Investments, LLC is an Ohio limited-liability company with its principal place of business at 3559 Eden Avenue, Cincinnati, OH 45229.  Nassau may be served through its registered agent or through Ealy, its managing member.

## III.    JURISDICTION AND VENUE

6. Subject-matter jurisdiction exists under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states (Texas versus Ohio).

7. The Court has supplemental jurisdiction over related state-law claims under 28 U.S.C. § 1367.

8. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in Houston, Texas—where Ealy marketed the Program at the BRRRR360 conference using social media and other digital marketing techniques, and where Ms. Hoff wired the funds from her Texas bank account.

9. This Court has personal jurisdiction over Defendants because they purposefully directed activities toward Texas, solicited Texas residents, and committed torts whose effects were felt in Texas.

### IV. FACTUAL BACKGROUND

10. In September 2023, Ealy personally promoted the Hotel Protégé Program to select attendees at the BRRRR360 conference, where he and his partners promoted their successes to all present. Ealy represented that each member would receive (a) weekly mentorship calls led by him; (b) privileged access to investors; (c) specialized "program perks;" a team of around 5 Hotel Protégé participants that all had unique skills to contribute and collaborate on acquisitions; and, (e) a customized website to promote their unique skillsets.

11. Ms. Hoff—a commercial construction professional—relied on those representations, along with representations of (i) Ealy's purported previous track record, (ii) the trust Ealy gained from his involvement in BRRRR Invest Academy (Brrrr360), and (iii) his involvement in the Apartment Investing Secrets program. Ms. Hoff then wired $50,000 to Defendants in October 2023 as the required investment to be a part of the Hotel Protégé Program.

12. After two brief group calls hosted by a purported employee ("*Wen*"), Defendants ceased all meaningful contact. No investor introductions, coaching, or other program deliverables were provided.

13. Beginning in May 2024, Ms. Hoff repeatedly requested a refund. Ealy ignored written communications, insisted on telephone-only discussions to avoid a paper trail, and ultimately admitted her money was "gone."

14.    Ealy made a single $5,000 restitution payment—an apparent attempt to placate Ms. Hoff—then flatly refused further restitution.

15.    On March 7, 2025, Plaintiff's counsel sent formal DTPA/fraud notice demanding reimbursement of $73,392.50 (principal, contractual interest, and fees) and warned that litigation would commence absent payment by May 5, 2025.  Defendants have not complied with the demand.

## V.    CAUSES OF ACTION

### Count 1 – Common-Law Fraud

16.    *False, material representation*.  Ealy told Ms. Hoff the Program already existed, that he personally would conduct weekly one-on-one coaching sessions, and that investor-only events were scheduled and funded.  None of these statements were true because no program structure, schedule, or funding existed.

17.    *Knowledge or reckless disregard*.  Ealy's admission that the $50,000 was "gone," coupled with his later insistence that he could not refund a non-existent program, shows he knew the representations were false when made or acted with reckless disregard to their truth.

18.    *Intent to induce reliance*.  Ealy pitched the Program shortly after Ms. Hoff had paid $15,000 to join a separate Mastermind class, leveraging her trust and professional background to induce the $50,000 investment.

19.    *Justifiable reliance*.  Ms. Hoff—new to hotel acquisitions and unfamiliar with Ealy's true financial condition—reasonably relied on his specific, repeated promises of coaching and investor access when wiring funds to him and Nassau.

20.     *Injury*.  Ms. Hoff lost at least $45,000 (net of the $5,000 partial return), plus interest, costs, legal fees in the pursuit of statutory compliance and collection activities in the amount of $2,750, and consequential damages, including lost opportunities to deploy that capital elsewhere.

<u>Count 2 – Deceptive Trade Practices Act (TEX. BUS. & COM. CODE ch. 17)</u>

21.     *Consumer status*.  Ms. Hoff sought and paid for Defendants' business-opportunity services, satisfying the DTPA "consumer" definition.

22.     *False, misleading, or deceptive act*.  Ealy's representations that the Program's coaching, investor introductions, and perks "already exist" were false and designed to mislead purchasers. Ealy had actual awareness of the falsity, deception, or unfairness of the act or practice at the time it occurred.

23.     *Specific Intent*.  Ealy not only had actual awareness that his acts were false, misleading, or deceptive, but also acted with the specific intent that Ms. Hoff rely on the falsity or deception or remain ignorant of unfairness.  In fact, it is nearly impossible to conceive a circumstance where Ealy had no knowledge that he lacked *every single component* of his advertised Hotel Protégé Program before representing to the prospective members that the Program "already exists."

24.     *Producing cause*.  Ms. Hoff wired $50,000 to Ealy and Nassau only because of those representations; absent them, she would not have entered the transaction.

25.     *Economic and mental-anguish damages*.  Plaintiff's economic damages exceed $47,750; she additionally endured months of uncertainty over the loss of her "life savings," producing sleeplessness and distress.

26.    *Notice and failure to cure*.  The March 7, 2025, demand letter provided the statutorily required 60-day notice, but Defendants failed to offer settlement, triggering treble-damage eligibility under § 17.50(b)(1).

### Count 3 – Breach of Contract

27.    *Existence of contract*.  Oral and written communications confirm an offer (participation in the Program for $50,000), acceptance, and consideration (Plaintiff's wire transfer).

28.    *Plaintiff's performance*.  Ms. Hoff fully performed by timely paying $50,000.

29.    *Material breach*.  Defendants failed to deliver the promised coaching, investor exposure, or any tangible service, thereby repudiating the core purpose of the agreement; their refusal to refund further constitutes breach.

30.    *Damages*.  Ms. Hoff suffered at least $45,000 in out-of-pocket loss, contractual interest at 10% per annum (or the maximum lawful rate), attorneys' fees incurred as part of Ms. Hoff's collections activities in the amount of $2,750, and attorneys' fees recoverable under TEX. CIV. PRAC. & REM. CODE § 38.001.

### Count 4 – Unjust Enrichment / Money Had and Received

31.    *Benefit conferred*.  Defendants received $50,000 from Ms. Hoff.

32.    *Awareness/acceptance*.  Ealy acknowledged receipt and retained dominion over the funds, later admitting the funds were "gone."

33.    *Inequitable retention*.  Because no Program existed and no services were rendered, retention of Ms. Hoff's funds is inequitable; equity requires restitution of at least $47,750 plus interest.

## VI.     DAMAGES

34.     Ms. Hoff seeks (i) actual economic damages exceeding $47,750 including attorneys' free for statutory compliance and collections activities; (ii) treble damages under the DTPA; (iii) exemplary damages for fraud; (iv) mental-anguish damages; (v) pre- and post-judgment interest at the highest rate allowed; (vi) attorneys' fees and costs; and (vii) equitable relief, including restitution and an injunction prohibiting Defendants from defaming or retaliating against Plaintiff.

## VII.     CONDITIONS PRECEDENT

35.     All conditions precedent has been performed, have occurred, or have been waived.

## VIII.     JURY DEMAND

36.     Ms. Hoff demands trial by jury on all issues triable.

## IX.     PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Ms. Hoff respectfully prays that Defendants be cited to appear and answer, and that upon final trial the Court enter judgment awarding Plaintiff the relief set forth above and all other relief, legal or equitable, to which she shows herself justly entitled.

Respectfully submitted,

INDIGO LEGAL SOLUTIONS, PLLC

_____

Dustin R. Webber
Managing Attorney
Texas Bar No. 24118584
1000 Main Street, Suite 2300
Houston, Texas 77002
Tel: (877) 290-3120
dustin.webber@indigo-law.com

Attorney for Plaintiff Laura Hoff